UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND DIVISION

CIVIL CASE 0:14-_____

JENNA BLACKBURN,                                                     PLAINTIFF

VS.                                    **COMPLAINT**

WES BOGGS, *Individually, and in his official capacity as a police officer for the City of Grayson Police Department*
      Serve:  Wes Boggs, Police Officer
            City of Grayson Police Department
            320 E. 3rd St.
            Grayson, KY 41143

&

UNKNOWN OFFICER OF CITY OF GRAYSON
POLICE DEPARTMENT, *Individually, and in his official capacity as a police officer for the City of Grayson Police Department*
      Serve:  Kevin McDavid, Chief of Police
            City of Grayson Police Department
            320 E. 3rd St.
            Grayson, KY 41143

&

UNKNOWN SUPERVISORS OF CITY OF GRAYSON
POLICE DEPARTMENT, *Individually, and in official capacity as Supervisors for the City of Grayson Police Department*
      Serve:  Kevin McDavid, Chief of Police
            City of Grayson Police Department
            320 E. 3rd St.
            Grayson, KY 41143

&

CITY OF GRAYSON, KENTUCKY
      Serve:  George Steele, Mayor
                Grayson City Hall
                302 E. Main Street
                Grayson, KY 41143

&

UNKNOWN OFFICERS & AGENTS OF CARTER
COUNTY DETENTION CENTER, *Individually, and in their*
*Official capacity as Officers & Agents of Carter County Detention Center*
      Serve:  R.W. Boggs, Jailer
                Carter County Detention Center
                13 Crossbar Rd.
                Grayson, KY 41143

&

R.W. BOGGS, *Individually, and in his official capacity as Jailer of*
*Carter County Detention Center*
      Serve:  R.W. Boggs, Jailer
                Carter County Detention Center
                13 Crossbar Rd.
                Grayson, KY 41143

&

CARTER COUNTY FISCAL COURT
      Serve:  Charles Wallace, Judge-Executive
                Carter County Fiscal Court
                300 W. Main St., Room 227
                Grayson, KY 41143


* * * * * * * * * * * * * * * * * * * *

      Comes now the Plaintiff, JENNA BLACKBURN, by and through undersigned counsel,

and for her Complaint against the Defendants, WES BOGGS, individually and in his official

capacity as a police officer for the City of Grayson Police Department, UNKNOWN OFFICERS

OF CITY OF GRAYSON POLICE DEPARTMENT, Individually, and in their official capacities

as police officers of the City of Grayson Police Department, UNKNOWN SUPERVISORS OF CITY OF GRAYSON POLICE DEPARTMENT, individually and in their official capacities as supervisors for the City of Grayson Police Department, CITY OF GRAYSON, KENTUCKY, UNKNOWN OFFICERS & AGENTS OF CARTER COUNTY DETENTION CENTER, individually, and in their official capacity as Officers and Agents of Carter County Detention Center, R.W. BOGGS, Individually, and in his official capacity as Jailer of Carter County Detention Center, and CARTER COUNTY FISCAL COURT, alleges and affirmatively states as follows:

## INTRODUCTION

1.      Plaintiff Jenna Blackburn suffers from multiple, severe medical ailments, the most serious of which are spina bifida and severe congenital scoliosis.  The Plaintiff brings this action under federal law as a result of the Defendants' unconstitutional and discriminatory conduct in unlawfully arresting and detaining the Plaintiff, as well as the use of unreasonable and excessive force in effectuating the arrest of the Plaintiff.  The Plaintiff brings this action against the officers who effectuated her arrest, as well as their supervisors, and the City of Grayson, whose failure to establish proper policies and customs regarding interactions involving persons suffering from severe physical disabilities such as spina bifida and severe congenital scoliosis, including failing to train its officers, constituted deliberate indifference to the rights of the Plaintiff, and were the moving force behind the violations alleged herein.

2.      The Plaintiff also brings this action against the unknown officers and agents of the Carter County Detention Center who were deliberately indifferent to the Plaintiff's severe medical condition, as well as Jailer R.W. Boggs and the Carter County Fiscal Court, who failed

3

to establish proper policies and customs regarding confinement of persons suffering from severe physical disabilities such as spina bifida and severe congenital scoliosis, including failing to train its personnel and provide reasonable accommodations to assure that persons in her condition would not be subjected to undue pain and suffering while confined in the Carter County Detention Center.

## PARTIES

3.      Plaintiff Jenna Blackburn is a citizen and resident of Johnson County, Kentucky.

4.      Officer Wes Boggs is a citizen and resident of Carter County, Kentucky, and was at all times material to the allegations in this Complaint, acting in his capacity as a police officer employed by the City of Grayson, Kentucky, and was acting under color of state law.

5.      Defendant Unknown Officer of City of Grayson Police Department was, at all times material to the allegations in this Complaint, acting in his capacity as a police officer employed by the City of Grayson, Kentucky, and was acting under color of state law.

6.      Defendant Unknown Supervisors of City of Grayson Police Department were the supervisors of the City of Grayson Police Department during the times relevant to the allegations in this Complaint.  At all times relevant, the unknown supervisors were responsible for making and/or implementing policies and practices used by law enforcement officers employed by the City of Grayson, and were acting under color of state law.

7.       Defendant City of Grayson, Kentucky, (hereinafter "City of Grayson") is a municipal corporation organized and existing under the laws of the Commonwealth of Kentucky. The City employs both the Unknown Supervisors, Unknown Officer, and Defendant Boggs.  The City is responsible for the hiring, training and supervision of the Unknown Supervisors,

4

Unknown Officer and Defendant Boggs.  Through information and belief, the City has also established or delegated certain duties regarding training, supervision, and implementation of policies, practices, procedures and customs used by law enforcement officers to the Unknown Supervisors.  All actions taken by the City of Grayson were under color of state law.

8.      Defendant Unknown Officers and Agents of Carter County Detention Center were, at all times material to this Complaint, acting in their official capacities as officers and/or agents of the Carter County Detention Center, and were acting under color of state law.

9.      Defendant R.W. Boggs is a citizen and resident of Carter County, Kentucky., and is the elected Jailer of Carter County, Kentucky, who is responsible for making and/or implementing policies and practices used by the officers and agents employed by the Carter County Detention Center.  At all times material to this Complaint, Defendant R.W. Boggs was acting under color of state law.

10.      Defendant Carter County, Kentucky, (hereinafter "Carter County") is a political subdivision of the Commonwealth of Kentucky, organized and existing under the laws of the Commonwealth of Kentucky.  Carter County employs Defendant R.W. Boggs as well as the Unknown Officers and Agents of Carter County Detention Center. Carter County is responsible for the hiring, training and supervision of Defendant R.W. Boggs and the Unknown Officers and Agents of Carter County Detention Center.  Through information and belief, Carter County has also established or delegated certain duties regarding training, supervision, and implementation of policies, practices, procedures and customs used by the officers or agents of Carter County Detention Center to Defendant R.W. Boggs.  At all times material to this Complaint, Carter County was acting under color of state law.

5

## JURISDICTION & VENUE

11.     This action is brought against the Defendants pursuant to 42 U.S.C. § 1983 for deprivation of the Plaintiff's rights as guaranteed by the Constitution and laws of the United States and the Commonwealth of Kentucky.

12.     This action is also brought pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12131, *et seq.*

13.     Jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 1331, as this matter arises under the Constitution and laws of the United States.

14.     Jurisdiction is also conferred on this Court pursuant to 28 U.S.C. § 1343(a)(3) & (a)(4).

15.     This Court has personal jurisdiction over the Defendants. The Defendants reside and operate within the Commonwealth of Kentucky, and jurisdiction can be exercised over them consistently with the Due Process Clause of the United States Constitution.

16.     Venue in this District is appropriate pursuant to 28 U.S.C. § 1391(b)(2), as "a substantial part of the events or omissions giving rise to the claim[s]" herein occurred within this District.

## FACTS

17.     On or about April 8, 2013, the Plaintiff was driving her vehicle from Morehead, Kentucky, where she was attending Morehead State University as an undergraduate student, to Martin County, Kentucky, so that she could attend a funeral.

18.     While driving her vehicle on Interstate-64 near Grayson, Kentucky, she began to experience pain and dizziness.

19.     The Plaintiff was accustomed to having pain or other symptoms as a result of her medical conditions, and she contacted her father by phone to let him know what was occurring.

20.     At the time of the incident the Plaintiff was twenty (20) years old. The Plaintiff suffers from several severe medical conditions, the most serious of which are spina bifida meningocele and severe congenital scoliosis, which manifest themselves in such a manner that it is immediately apparent to a layperson that the Plaintiff has a severe medical condition.

21.     The Plaintiff's father instructed the Plaintiff to pull her vehicle over at the Speedway station in Grayson.  The location appeared to the Plaintiff to be safe and well-lit, and would allow her to rest for a time to see whether her condition would improve.  Her father indicated that if she did not begin feeling better shortly, that she could call and her parents would come to pick her up.

22.     The Plaintiff parked her car at the Speedway station, on the side of the parking lot so as to not interfere with the activities of the business, pulled the keys out of the ignition, placed them in her purse, got out of the vehicle, and got in the passenger seat to rest.

23.     Due to her condition, the Plaintiff has a handicapped parking plaque, which was displayed in the vehicle at the time.

24.     After resting for approximately 25 to 30 minutes, the Plaintiff was awakened by Officer 1, [1] a law enforcement officer with the City of Grayson Police Department beating on the window of her vehicle with his flashlight.

---

[1] The Plaintiff is not aware at this time of the name of this Officer; the Plaintiff is not a resident of Grayson, and does not recall any other interactions with the Defendants herein whereby she could identify the officers involved in the incident herein.  The Plaintiff is aware that Defendant Officer Wes Boggs issued the citation to the Plaintiff, but it is not readily apparent to the Plaintiff whether Defendant Officer Wes Boggs was the officer who initiated contact with the Plaintiff, or

25.     Officer 1 asked the Plaintiff if she was intoxicated, to which the Plaintiff responded "no," and explained that she was on her way to a funeral, had started experiencing acute pain and feeling sick, and pulled over to rest.

26.     Officer 1 made a statement to the effect that the clothing that the Plaintiff was wearing was inappropriate for a funeral, and asked her to step out of the car.

27.     The Plaintiff, who was still not feeling well, began crying, and attempted to open the door, Officer 1 then violently ripped the door open, grabbed the Plaintiff by the arm and yanked her out of the vehicle in an extremely rough manner.

28.     The Plaintiff is approximately 4'11' in height and weighed approximately 125 pounds.

29.     Officer 1 jerked the Plaintiff's arm so hard that it left bruising and marks that were visible for several days thereafter.

30.     The Plaintiff suffered a great deal of pain when Officer 1 grabbed her out of the vehicle due to her condition; the Plaintiff has severe problems with her shoulder and joints, and the rough manner in which she was removed from the car immediately caused her severe pain, and increased her anxiety about the situation.

31.     Upon being removed from the car, the Plaintiff asked to be able to call an attorney, and Officer 1 told her "it doesn't work that way."

---

the second Officer who arrived at the scene.  For purposes of simplicity and consistency, the officer who first arrived at the scene will be referred to herein as "Officer 1," and the second officer, who drove the Plaintiff to the Carter County Detention Center will be referred to as "Officer 2."  Upon initiation of discovery in this matter, and determination of the respective identities of the Officers, Plaintiff will amend this Complaint to reflect the proper names of the parties.

32.    Officer 1 said that the Plaintiff was intoxicated, and insisted that the Plaintiff walk a straight line.

33.    The Plaintiff indicated that she was physically incapable of walking a straight line in the manner required, due to her medical conditions.

34.    The Plaintiff carries with her an identification card issued by her treating physician which shows the severe deformities to her spine, explains her condition, and provides information on how to contact her physicians to confirm.

35.    The Plaintiff offered to show this to Officer 1, who stated that he "did not want to see that s * * t" and refused to look at it.

36.    Officer 1 told the Plaintiff she "could not get out of this because she was a cripple."

37.    The Plaintiff was becoming increasingly upset and terrified by Officer 1's belligerent behavior, and asked to be allowed to call her father, and was asking whether she was under arrest.

38.    At some point during this course of events, a second police officer (Officer 2) from the Grayson City Police Department arrived, as well as an EMT.

39.    The EMT checked the Plaintiff, and indicated that the Plaintiff's blood pressure was dangerously low, and her heart rate was dangerously high.

40.    Officer 1 then told the Plaintiff that she was under arrest for DUI, and attempted to place the Plaintiff in handcuffs.

41.    Officer 2 told Officer 1 that it was not necessary to put the Plaintiff in cuffs because she was so small in stature.

42.     Officer 1 then refused to take the Plaintiff to the detention center unless she was cuffed; Officer 2 then told the Plaintiff that she needed to get ahold of herself and after the Plaintiff composed herself, Officer 2 put the Plaintiff in his cruiser.

43.     The Plaintiff then demanded to be allowed to get blood work done, and Officer 2 drove her to a local facility to get blood taken.

44.     After getting the blood taken, Officer 2 transported the Plaintiff to the Carter County Detention Center.

45.     Officer 1 and Officer 2 were both aware of the nature of the facilities at the Carter County Detention Center, and that the facilities were not equipped to adequately care for and house the Plaintiff.

46.     Upon arriving at the Carter County Detention Center, the booking officer told the Plaintiff that she looked ill.

47.     Despite the fact that the Plaintiff was obviously suffering from a severe medical disability, and was in serious pain and suffering from severe anxiety, the Plaintiff was booked and held in the Carter County Detention Center for approximately eight (8) hours until her parents arrived.

48.     The Plaintiff informed the officers of the Detention Center of her condition, but was not given any medication or additional bedding to decrease her pain and discomfort.

49.     While in custody, the Plaintiff was forced to lie on a mat that was placed directly on the concrete floor of the holding cell; due to her condition, it was extremely painful and difficult for the Plaintiff to move around, and she was in severe pain and discomfort throughout her detention.

50.     An officer with the Carter County Detention Center checked on the Plaintiff several times to make sure that she had not passed out, but did not offer her medical treatment, or contact medical staff.

51.     Due to the nature of her condition, it is apparent that the Plaintiff is disabled, and requires medical care and accommodations for her condition.

52.     After her release, the Plaintiff was in extreme pain for several days due to the violent manner in which Officer 1 removed her from the car, as well as the fact that she was forced to lay on the concrete floor at the Carter County Detention Center for an extended period of time. The Plaintiff also has been scheduled for a surgery on her shoulder, her condition having been worsened as a direct and proximate cause of the events described herein.

53.     As a result of the events described herein, the Plaintiff became terrified of driving her vehicle, and did not drive for months, due to fear that she would get pulled over.  She has avoided driving through Grayson, even though it adds a significant amount of time for her trip home.

54.     The Plaintiff was charged with DUI, and appeared before the Hon. Rupert Wilhoit in Carter County District Court.

55.     All charges against the Plaintiff were dismissed.

**VIOLATION OF CIVIL RIGHTS PURSUANT TO TITLE 42 U.S.C. § 1983**
**(General Allegations)**

56.     The foregoing paragraphs are incorporated herein by reference.

57.     42 U.S.C. § 1983 provides, in pertinent part:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction

hereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

58.     Plaintiff Jenna Blackburn is a citizen of the United States.

59.     All Defendants referenced herein are "persons" as that term is used in 42 U.S.C. § 1983.

60.     All Defendants referenced herein were acting under the color of state law in their capacities as either police officers or supervisors for the City of Grayson, or officers/agents or supervisors for the Carter County Fiscal Court, and all acts or omissions were conducted within the scope of their official duties or employment.

61.      As a direct and proximate result of the violation of her constitutional rights by the Defendants, Plaintiff suffered general and special damages as alleged in this Complaint, and is entitled to relief under 42 U.S.C. § 1983.

62.     The conduct of the Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

## COUNT I
*42 U.S.C. § 1983 – unlawful arrest in violation of Fourth & Fourteenth Amendments*
(Defendant Wes Boggs, Unknown Officer of City of Grayson)

63.     The foregoing paragraphs are incorporated herein by reference.

64.     Unless otherwise noted, as used in Count I, "Defendants" refers to Defendants Wes Boggs and Unknown Officer of the City of Grayson, acting individually or in concert.

65.     In committing the actions described herein, the Defendants acted under color of state law to deprive the Plaintiff of her clearly established, protected constitutional rights under

12

the Fourth and Fourteenth Amendment to be free from unlawful and false arrest, in particular, when the Defendants arrested the Plaintiff without probable cause.

66.     The actions of the Defendants were not objectively reasonable under the circumstances based on the perspective of a reasonable officer at the scene.

67.     Further, the acts or conduct committed by the Defendants against the Plaintiff occurred in the presence of each other, and the individual Defendants further violated the Plaintiff's constitutional rights by failing to intervene and prevent the violation of the Plaintiff's constitutional rights by fellow officers.

68.     As a direct and proximate result of the violation of her constitutional right to be free from unlawful arrest, Plaintiff suffered damages including: the violation of her constitutional rights; physical injury; physical and mental pain and suffering; humiliation; anxiety; loss of time and enjoyment; and, further injuries that remain ongoing and are still to be determined.

69.     Further, the Defendants were aware of the conditions at the Carter County Detention Center, and had knowledge that the facilities were not equipped to provide sufficient medical care to the Plaintiff.  Therefore, any damages suffered by the Plaintiff while in custody at the Carter County Detention Center were the direct and proximate result of the Defendants unlawful actions.

## <u>COUNT II</u>
*42 U.S.C. § 1983 – deliberately indifferent policies, practices, customs, training and supervision regarding unlawful arrest in violation of Fourth & Fourteenth Amendments*
(Unknown Supervisors of City of Grayson Police Department; City of Grayson)

70.     The foregoing paragraphs are incorporated herein by reference.

71.     Unless otherwise noted, as used in Count II, "Defendants" refers to Defendants Unknown Supervisors of the City of Grayson Police Department and the City of Grayson, acting individually or in concert.

72.     At the time of the conduct described herein, Defendants' actions under color of state law deprived the Plaintiff of her clearly established, protected constitutional rights under the Fourth and Fourteenth Amendment to be free from unlawful and false arrest.

73.     Defendants failed to create adequate policies, practices and customs and failed to properly train and/or supervise Defendant Wes Boggs and Defendant Unknown Officer in handling arrests, investigatory stops and/or other seizures of individuals suffering from physical disabilities such as those suffered by the Plaintiff.

74.     Defendants failed to create adequate policies, practices and customs and failed to properly train and/or supervise Defendant Wes Boggs and Defendant Unknown Officer in conducting field sobriety tests on individuals suffering from physical disabilities and medical conditions such as those suffered by the Plaintiff.

75.     The actions taken by Defendant Wes Boggs and Defendant Unknown Officer were in accordance with the policies, practices and customs implemented by the Defendants and/or were a direct and proximate result of the Defendants' failure to adequately and properly train and supervise Defendant Wes Boggs and Defendant Unknown Officer.

76.     Defendants' failure to create adequate policies, practices and customs and failure to properly train and/or supervise was the result of the Defendants' deliberate indifference to the rights of persons, such as the Plaintiff, with whom the police come into contact.

77.     As a result of the Defendants' failure to create adequate policies, practices and customs and failure to properly train and/or supervise, the Plaintiff suffered the injuries alleged herein, including: the violation of her constitutional rights; physical injury; physical and mental pain and suffering; humiliation; anxiety; loss of time and enjoyment; and, further injuries that remain ongoing and are still to be determined.

78.     Further, the Defendants were aware of the conditions at the Carter County Detention Center, and had knowledge that the facilities were not equipped to provide sufficient medical care to the Plaintiff.  Therefore, any damages suffered by the Plaintiff while in custody at the Carter County Detention Center were the direct and proximate result of the Defendants' failure to create adequate policies, practices and customs and failure to properly train and/or supervise its officers.

### COUNT III
*42 U.S.C. § 1983 – excessive force in violation of Fourth & Fourteenth Amendments*
(Defendant Wes Boggs, Unknown Officer of City of Grayson)

79.     The foregoing paragraphs are incorporated herein by reference.

80.     Unless otherwise noted, as used in Count III, "Defendants" refers to Defendants Wes Boggs and Unknown Officer of the City of Grayson, acting individually or in concert.  As noted *supra*, the Plaintiff is currently without sufficient information to establish conclusively whether the excessive force was used by Defendant Wes Boggs or Defendant Unknown Officer. Upon receipt of such information in discovery, the Plaintiff will amend this Complaint accordingly.

81.     In committing the actions described herein, the Defendants acted under color of state law to deprive the Plaintiff of her clearly established, protected constitutional rights under

the Fourth and Fourteenth Amendment to be free from use of excessive force by law enforcement during the course of a seizure by law enforcement.

82.     The actions of the Defendants were not objectively reasonable under the circumstances based on the perspective of a reasonable officer at the scene.

83.     As a direct and proximate result of the violation of her constitutional right to be free from use of excessive force, Plaintiff suffered damages including: the violation of her constitutional rights; physical injury; physical and mental pain and suffering; humiliation; anxiety; loss of time and enjoyment; and, further injuries that remain ongoing and are still to be determined.

84.     Further, the Defendants were aware of the conditions at the Carter County Detention Center, and had knowledge that the facilities were not equipped to provide sufficient medical care to the Plaintiff.  Therefore, any damages suffered by the Plaintiff while in custody at the Carter County Detention Center were the direct and proximate result of the Defendants unlawful actions.

## COUNT IV
*42 U.S.C. § 1983 – deliberately indifferent policies, practices, customs, training and supervision regarding use of excessive force in violation of Fourth & Fourteenth Amendments*
(Unknown Supervisors of City of Grayson Police Department; City of Grayson)

85.     The foregoing paragraphs are incorporated herein by reference.

86.     Unless otherwise noted, as used in Count IV, "Defendants" refers to Defendants Unknown Supervisors of the City of Grayson Police Department and the City of Grayson, acting individually or in concert.

87.     In committing the actions described herein, the Defendants acted under color of state law to deprive the Plaintiff of her clearly established, protected constitutional rights under

16

the Fourth and Fourteenth Amendment to be free from use of excessive force by law enforcement during the course of a seizure by law enforcement.

88.     Defendants failed to create adequate policies, practices and customs and failed to properly train and/or supervise Defendant Wes Boggs and Defendant Unknown Officer in handling arrests, investigatory stops and/or other seizures of individuals suffering from physical disabilities such as those suffered by the Plaintiff, including the appropriate levels of force to be used during the course of any seizures of such individuals.

89.     The actions taken by Defendant Wes Boggs and Defendant Unknown Officer were in accordance with the policies, practices and customs implemented by the Defendants and/or were a direct and proximate result of the Defendants' failure to adequately and properly train and supervise Defendant Wes Boggs and Defendant Unknown Officer.

90.     Defendants' failure to create adequate policies, practices and customs and failure to properly train and/or supervise was the result of the Defendants' deliberate indifference to the rights of persons, such as the Plaintiff, with whom the police come into contact.

91.     As a result of the Defendants' failure to create adequate policies, practices and customs and failure to properly train and/or supervise, the Plaintiff suffered the injuries alleged herein, including: the violation of her constitutional rights; physical injury; physical and mental pain and suffering; humiliation; anxiety; loss of time and enjoyment; and, further injuries that remain ongoing and are still to be determined.

92.     Further, the Defendants were aware of the conditions at the Carter County Detention Center, and had knowledge that the facilities were not equipped to provide sufficient medical care to the Plaintiff.  Therefore, any damages suffered by the Plaintiff while in custody

at the Carter County Detention Center were the direct and proximate result of the Defendants' failure to create adequate policies, practices and customs and failure to properly train and/or supervise its officers.

## **COUNT V**
*42 U.S.C. § 1983 – deliberate indifference to serious medical needs in violation of Eighth & Fourteenth Amendments*
(Unknown Carter Defendants)

93.   The foregoing paragraphs are incorporated herein by reference.

94.   Unless otherwise noted, as used in Count V, "Defendants" refers to Unknown Officers/Agents of Carter County Detention Center.

95.   In committing the actions described herein, the Defendants acted under color of state law to deprive the Plaintiff of her clearly established, protected constitutional rights under the Eighth and Fourteenth Amendment to be free from cruel and unusual punishment through the deliberate indifference of government officials to the serious medical needs of the Plaintiff.

96.   The Plaintiff suffered from serious medical needs based on her spina bifida and severe congenital scoliosis.

97.   The Defendants were aware of the Plaintiff's serious medical need, and of the risks to the Plaintiff's health.

98.   The Defendants were aware that there were serious risks to the Plaintiff's health.

99.   The Defendants consciously disregarded the risks to the Plaintiff's health by failing to provide adequate and appropriate medical care.

100.   The actions of the Defendants were not objectively reasonable under the circumstances based on the perspective of a reasonable officer at the scene.

18

101.    As a direct and proximate result of the violation of her constitutional right to be free from cruel and unusual punishment, Plaintiff suffered damages including: the violation of her constitutional rights; physical injury; physical and mental pain and suffering; humiliation; anxiety; loss of time and enjoyment; and, further injuries that remain ongoing and are still to be determined.

### COUNT VI
*42 U.S.C. § 1983 – deliberate indifference to serious medical needs in violation of Eighth & Fourteenth Amendments*
(Defendant R.W. Boggs & Carter County Fiscal Court)

102.    The foregoing paragraphs are incorporated herein by reference.

103.    Unless otherwise noted, as used in Count VI, "Defendants" refers to Defendant R.W. Boggs and the Carter County Fiscal Court.

104.    In committing the actions described herein, the Defendants acted under color of state law to deprive the Plaintiff of her clearly established, protected constitutional rights under the Eighth and Fourteenth Amendment to be free from cruel and unusual punishment through the deliberate indifference of government officials to the serious medical needs of the Plaintiff.

105.    The Plaintiff suffered from serious medical needs based on her medical condition, in particular her spina bifida and severe congenital scoliosis.

106.    Defendants failed to create adequate policies, practices and customs to properly and adequately house individuals suffering from severe physical disabilities and ailments such as those suffered by the Plaintiff.

107.    Defendants failed to properly train and/or supervise the Unknown Officers/Agents of Carter County Detention Center in properly processing and housing individuals suffering from physical disabilities such as those suffered by the Plaintiff.

108.    The actions taken by Defendants Unknown Officers/Agents were in accordance with the policies, practices and customs implemented by the Defendants and/or were a direct and proximate result of the Defendants' failure to adequately and properly train and supervise Defendants Unknown Officers/Agents of Carter County Detention Center.

109.    The events described herein, and the damages suffered by the Plaintiff are the natural and obvious consequence of the Defendants' failure to provide adequate training to the Unknown Officers/Agents.

110.    Defendants' failure to create adequate policies, practices and customs and failure to properly train and/or supervise was the result of the Defendants' deliberate indifference to the rights of persons, such as the Plaintiff.

111.    As a result of the Defendants' failure to create adequate policies, practices and customs and failure to properly train and/or supervise, the Plaintiff suffered the injuries alleged herein, including: the violation of her constitutional rights; physical injury; physical and mental pain and suffering; humiliation; anxiety; loss of time and enjoyment; and, further injuries that remain ongoing and are still to be determined.

## COUNT VII
*42 U.S.C. § 12131, et seq. – Americans with Disabilities Act*
(City of Grayson)

112.    The foregoing paragraphs are incorporated herein by reference.

113.    The Plaintiff has a disability as that term is used in the Americans with Disabilities Act (ADA).

114.    Defendant City of Grayson is a public entity as that term is used in the ADA.

115.    At all times relevant, the officers/agents of Defendant City of Grayson had a duty to comply with the laws of the United States, including the Americans with Disabilities Act.

116.    All actions taken by the officers/agents of Defendant City of Grayson, as described herein, were taken under color of law, during the course of the employees' official duties, and in accordance with the policies and customs of the Defendant City of Grayson.

117.    The Plaintiff was denied benefits, services, programs or activities provided by Defendant City of Grayson and available to, and enjoyed by, the general public, including but not limited to: the right to be free from unlawful arrest; to be free from use of excessive force; and to be free from harassing and abusive conduct by law enforcement.

118.    The Plaintiff was denied equal access to these benefits, services, programs or activities by reason of her disability.

119.    The Plaintiff was subjected to "discrimination" by the City of Grayson, as that term is used in the ADA, by virtue of the actions of law enforcement officers as described herein.

120.    As a result of the Defendant's actions, and the actions of the Defendant's officers and agents, the Plaintiff suffered the injuries alleged herein, including: the violation of her constitutional rights; physical injury; physical and mental pain and suffering; humiliation; anxiety; loss of time and enjoyment; and, further injuries that remain ongoing and are still to be determined.

## COUNT VIII
*42 U.S.C. § 12131, et seq. – Americans with Disabilities Act*
(Carter County Fiscal Court)

121.    The foregoing paragraphs are incorporated herein by reference.

122.    The Plaintiff has a disability as that term is used in the Americans with Disabilities Act (ADA).

123.    Defendant Carter County Fiscal Court is a public entity as that term is used in the ADA.

124.    At all times relevant, the officers/agents of Defendant Carter County Fiscal Court had a duty to comply with the laws of the United States, including the Americans with Disabilities Act.

125.    All actions taken by the officers/agents of Defendant Carter County Fiscal Court, as described herein, were taken under color of law, during the course of the employees' official duties, and in accordance with the policies and customs of the Defendant City of Grayson.

126.    The Plaintiff was denied benefits, services, programs or activities provided by Defendant Carter County Fiscal Court and available to, and enjoyed by, the general public, including but not limited to: the right to be free from cruel and unusual punishment; to be free from undue pain, suffering and discomfort during the course of pretrial detention.

127.    The Plaintiff was denied equal access to these benefits, services, programs or activities by reason of her disability.

128.    The Plaintiff was subjected to "discrimination" by the Carter County Fiscal Court, as that term is used in the ADA, by virtue of the actions described herein.

129.    As a result of the Defendant's actions, and the actions of the Defendant's officers and agents, the Plaintiff suffered the injuries alleged herein, including: the violation of her constitutional rights; physical injury; physical and mental pain and suffering; humiliation;

anxiety; loss of time and enjoyment; and, further injuries that remain ongoing and are still to be determined.

WHEREFORE, the Plaintiff, JENNA BLACKBURN, having set forth her claims for relief against the Defendants, respectfully requests judgment be entered against the Defendants, for the following:

(1)     Judgment against the Defendants, jointly and severally, in favor of the Plaintiff, Jenna Blackburn, in an amount which is determined as being fair and reasonable by all the evidence, for the following elements of damages:

        (a)     Past mental and physical pain, suffering and inconvenience;

        (b)     Future mental and physical pain, suffering and inconvenience;

        (c)     Embarrassment and humiliation;

        (d)     Past medical expenses;

        (e)     Future medical expenses;

        (f)     Punitive damages; and

        g)     All incidental and consequential expenses incurred by the Plaintiff.

(2)     Pre-judgment and post-judgment interest.

(4)     Plaintiff's costs expended herein, including reasonable attorney fees.

(5)     Any and all other relief to which the Plaintiff may be entitled.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff JENNA BLACKBURN demands a jury trial in this case.

DATED: APRIL 7, 2014.

Respectfully Submitted,

*/s/Noah R. Friend*
Noah R. Friend Law Firm, PLLC
P.O. Box 610
Pikeville, KY 41502
Office: 606.437.2217
Mobile: 606.369.7030
Fax: 502.716.6158
noah@friendlawfirm.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF KENTUCKY

Plaintiff, JENNA BLACKBURN, states the following:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information, and belief formed after reasonable inquiry

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant or create a needless increase in the cost of litigation to any Defendant named in the Complaint.

5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

Pursuant to 28 U.S.C. §1746(2), I, JENNA BLACKBURN, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.


  4/5/2014                                             /s/ Jenna Blackburn

DATE                                             JENNA BLACKBURN